**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PHYLLIS LINDA WILLIAMS, | ) | NO. ED CV 10-871-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on June 22, 2010, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on July 9, 2010.

///

Plaintiff filed a "Notice of Plaintiff's Motion for Summary Judgment or Remand" and a supporting memorandum ("Plaintiff's Memo") on December 20, 2010. Defendant filed a "Notice of Motion and Motion for Summary Judgment" on January 19, 2011. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed June 23, 2010.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On February 9, 2006, Plaintiff applied for disability benefits beginning April 1, 2005 (Administrative Record ("A.R.") 41). Plaintiff reported she had suffered a back injury that precluded her from standing for more than one hour out of an eight-hour day, and precluded her from lifting more than 20 pounds (A.R. 103). As discussed below, Plaintiff similarly testified on April 24, 2008 to pain and other symptomatology of allegedly disabling severity (A.R. 11-27).

On May 30, 2008, an Administrative Law Judge ("ALJ") found Plaintiff not disabled through the date of the decision (A.R. 38-48). The ALJ found that Plaintiff retained the ability to do a limited range of light work with no mental limitations, and could perform her past relevant work as an underwriter (A.R. 44, 47 (adopting vocational expert testimony)). In denying benefits, the ALJ found Plaintiff's testimony credible only to the extent consistent with the residual functional capacity the ALJ determined to exist (A.R. 44-45).
///
///

In the context of a later-filed application for benefits, the Administration found Plaintiff disabled under the Grids (Medical-Vocational Rule 202.06) beginning August 22, 2008, the date of Plaintiff's 60th birthday (Plaintiff's Memo at 4-5; Exhibit A to Plaintiff's Memo). In the present case, the Court has not considered this subsequent Administrative decision, except insofar as to determine that the subsequent decision does not compel reversal or remand under 42 U.S.C. section 405(g).[1]

///
///
///

---

[1] To the extent Plaintiff may be asserting that the subsequent Administrative decision should have preclusive effect in these proceedings or somehow is material to the Court's consideration of the issues herein (see Plaintiff's Memo at 5), the Court declines so to find. The disability issue in the two administrative proceedings was not identical (e.g., the later application involved a different time period, additional medical evidence, and a different age classification). Any determination rendered on the later application is not material to, or binding on, the present application. See Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001) (finding second ALJ's subsequent decision to award benefits was not inconsistent with prior denial where second application involved different medical evidence, a different time period, and a different age classification; remand under 42 U.S.C. § 405(g) for consideration of later decision was not warranted); Luna v. Astrue, 2008 WL 2559400, at *2 (D. Ariz. June 23, 2008), aff'd, 623 F.3d 1032 (9th Cir. 2010) (remanding case for further administrative proceedings, distinguishing Bruton from case where it is not clear from record whether initial denial and subsequent award are reconcilable or inconsistent); see also Otero Suarez v. Barnhart, 2005 WL 2305012, at *3 (C.D. Cal. Sept. 21, 2005) (finding no issue preclusion from decision in administrative proceeding where proceeding involved different time period; issues were not identical); cf. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173 (9th Cir. 2008) (declining to extend principles of res judicata announced in Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) to create a rebuttable presumption of disability where there is a prior finding of disability).

3

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

The Administration erred in evaluating Plaintiff's credibility. Plaintiff testified that she could not perform her past relevant work because she could not sit for more than an hour, and could not stand because her legs assertedly get numb due to her back injury (A.R. 11). Plaintiff said she had to move around, lie down or otherwise change positions because she gets muscle cramps (A.R. 19-20). Plaintiff thought she could sit for "maybe" 35 to 45 minutes before having to get up and move around (A.R. 20). Plaintiff added that if she had pain medication, she "might be able to" get through eight hours without lying down but she did not think she could (A.R. 20).

Plaintiff explained that she has good and bad days, and that on bad days she lies down for up to five hours from breakfast until the

afternoon (A.R. 20-21).  Plaintiff said she had not applied for jobs like her past relevant work because she did not think she could work that kind of a job for eight hours a day (A.R. 23).  At one point, Plaintiff testified she thought that if she did not have physical problems she "absolutely" could work and said she had no mental problems "that [she] knew of, yet" (A.R. 12).  When Plaintiff explained why she thought she could not work an eight-hour day, however, she said she had problems with "concentration, [] when your legs and your back is [sic] bothering you, you can't stay doped up all the time.  You got to, you got to be real with yourself, you know" (A.R. 24).  Plaintiff added that her medications may make her fall asleep or "say something you shouldn't say or you just wouldn't be as professional.  I am a professional and I, and I just don't trust myself to do that" (A.R. 24).

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment" (A.R. 46).  To support such a credibility determination, at a minimum the ALJ must make "specific, cogent" findings, supported in the record.  See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Robbins v. Social Security Administration, 466 F.3d 880, 883 (9th Cir. 2006); Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citing Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) and Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990)); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings

"must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony"); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); see also Social Security Ruling 96-7p.[2] The ALJ failed to do so in the present case.

While the ALJ stated that Plaintiff "said she had no psychiatric problems" (A.R. 44), the ALJ failed to discuss Plaintiff's testimony that she believed she could not work an eight-hour day due to problems with concentration caused by her pain and problems with falling asleep or making inappropriate remarks due to the effects of her pain

---

[2] In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the arguably more rigorous "clear and convincing" standard. See, e.g., Brown v. Astrue, 2010 WL 5066039, at *1 (9th Cir. Dec. 10, 2010); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008); Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007); Robbins, 466 F.3d at 883; Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

The Court notes it may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

medication.³ While an ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment, Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007), the ALJ should have discussed the aforementioned testimony and explained the weight given to that testimony, especially given the fact that the vocational expert testified that a person precluded from performing detailed or complex tasks could not perform Plaintiff's past relevant work as an underwriter (A.R. 33-34). See generally 20 C.F.R. § 404.1529(c)(3) (noting that the Administration will "carefully consider" information a claimant may submit about her symptoms). From the record, the Court cannot determine whether the ALJ failed to consider this potentially material testimony, rejected the testimony for permissible reasons,⁴ or rejected the testimony for impermissible reasons.

///

///

///

---

³ The regulations recognize that pain (or drugs taken to alleviate pain) may cause mental limitations that affect what a claimant may do in a work setting. See, e.g., 20 C.F.R. § 404.1545(a)(1) ("Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. . . . We will assess your residual functional capacity based on all relevant evidence in your case record."); 20 C.F.R. § 404.1529(c)(3) ("Factors relevant to your symptoms, such as pain, . . . include . . . [t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms.").

⁴ The Court cannot affirm the administrative decision based on reasons for rejecting this testimony suggested for the first time in Defendant's motion. See Connett v. Barnhart, 340 F.3d at 874 (district court cannot affirm on the basis of evidence the ALJ failed to discuss); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

Plaintiff argues that the Court should direct the payment of disability benefits to Plaintiff or alternatively to "credit as true" the disputed testimony of Plaintiff and remand for proceedings consistent therewith. See Plaintiff's Memo at 10. The "crediting as true" rule is not mandatory. See Connett v. Barnhart, 340 F.3d at 876 (remand is an option, and the "crediting as true" rule is not mandatory, where the ALJ stated insufficient reasons for rejecting a claimant's excess pain testimony); but see Lingenfelter v. Astrue, 504 F.3d at 1041 n.12 (appearing to suggest that remand is not an option where the ALJ failed to state a legally sufficient basis for rejecting a claimant's testimony); see also Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009) (noting but not resolving the intra-circuit conflict; rule is not mandatory where there are "outstanding issues that must be resolved before a proper disability determination can be made"). Even if the Court were to accept Plaintiff's testimony as true, there would remain issues to be resolved before a proper determination could be made. Plaintiff testified that her back problems and leg numbness got worse after she stopped working on April 1, 2005 (the alleged onset date) (A.R. 14-17, 103). The record shows that Plaintiff began taking prescribed pain medication for her back some time after February 10, 2006. See A.R. 116, 118 (Disability Report - Appeal first noting pain medication); see also A.R. 136 (Complete Orthopedic Evaluation dated March 23, 2006, noting Plaintiff was taking only blood pressure medication); A.R. 151 (treatment note dated April 17, 2006, indicating Vicodin prescribed for "occasional back pain"). By December 29, 2006, Plaintiff complained to her treating physician that her pain was worsening and interfering with her activities of daily living and sleep (A.R. 176). The ALJ did not reach the issue of when Plaintiff's

8

alleged disability may have begun. The testimony and evidence that Plaintiff wants credited does not identify when after the alleged onset date Plaintiff's concentration may have been so limited by her pain as to be disabling. Similarly, the testimony and evidence that Plaintiff wants credited does not identify when Plaintiff's ability to stay awake and on task may have been so limited by taking pain medication as to be disabling. See A.R. 20. Thus, application of the "credit as true" rule in this case would not result in the immediate payment of benefits.

The Court declines to apply the non-mandatory "credit as true" rule. This case is appropriate for remand for further administrative proceedings. See, e.g., Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (finding no error in remanding case without applying "credit as true" rule in similar circumstances); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 7, 2011.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.